UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE TRUSTEES OF THE LOCAL 816 LABOR        ECF
AND MANAGEMENT PENSION TRUST FUND
And THE LOCAL 816 LABOR AND MANAGEMENT
PENSION TRUST FUND,
                                                                                **COMPLAINT**
                                                  Plaintiffs.
                                                                                18-CV- 5189
        - against -

IBERIA ROAD MARKINGS CORPORATION,
IBERIA REAL ESTATE CORP., and NEW IBERIA
REALTY, INC.,

                                                  Defendants.
------------------------------------------------------------------x

Plaintiffs, the Trustees of the Local 816 Labor and Management Pension Trust Fund and the Local 816 Labor-Management Pension Fund (the "Fund") by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This action is brought by the Fund's Trustees in their capacities as fiduciaries of the Fund against Iberia Road Markings Corporation ("Road Corp") a former participating employer which owes the Fund withdrawal liability payments pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

2.      This action is also brought, pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), and Sections 414(b) and (c) and Section 1563 of the Internal Revenue Code of 1986, as amended ("the Code"), against Iberia Real Estate Corp. ("Real Estate Corp"), and New Iberia Realty, Inc. ("New Realty") which are believed to be a trades or businesses under common control with Road Corp, and, thus, jointly and severally liable for the money due to the Fund.

1

## JURISDICTION

3. The jurisdiction of this court is invoked pursuant to Sections 502(a) and (e) and Sections 4301(a) and (c) of ERISA, 29 U.S.C. §§ 1132(a) and (e), 1451(a) and (c).

## VENUE

4. As the Fund is administered at 22 North Tyson Avenue, Floral Park, New York, which is within the Eastern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

5. The Fund is an "employee pension benefit plan" and "multiemployer plan" as those terms are defined by Sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and 1002(37). The Fund is administered at 22 North Tyson Avenue, Floral Park, New York.

6. The Plaintiff Trustees have been, at all times material hereto, the "plan sponsor" of the Fund, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are "fiduciaries" of the Fund, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Road Corp was, at all times material hereto, an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located at 104 Lombardy Avenue, Brooklyn, New York.

8. Upon information and belief, Real Estate Corp. was, at all times material hereto, a trade or business under common control with Road Corp., located at 104 Lombardy Avenue, Brooklyn, New York.

9. Upon information and belief, New Realty was, at all times material hereto, a trade or business under common control with Road Corp., also located at 104 Lombardy Avenue, Brooklyn, New York.

2

## RELEVANT FACTS

10. In March 2018, Road Corp. permanently ceased to have an obligation to make contributions to the Fund and/or ceased all covered operations under the Fund, causing a complete withdrawal from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result, Road Corp incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, et seq.

11. Plaintiffs requested that the Fund's actuary determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liability owed by Road Corp to the Fund. The Fund's actuary determined Road Corp's estimated withdrawal liability to be $510,980.

12. Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and by letter dated May 16, 2018, which was sent via certified mail with return receipt and signed for on May 21, 2018, the Fund notified Road Corp that withdrawal liability was due to the Fund in the amount of $510,980, and was payable in 14 quarterly payments of $39,852 each, followed by a final quarterly payment of $1,475. The first quarterly payment was due no later than July 1, 2018. The Fund demanded that Iberia remit it quarterly payments accordingly.

13. Notice of withdrawal liability to Road Corp constituted notice to Real Estate Corp. and New Realty since they were under common control with Road Corp.

14. Defendants did not timely request review of any specific matter related to the determination of withdrawal liability or identify any inaccuracy in the determination of unfunded vested benefits in accordance with Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2), or initiate arbitration of the withdrawal liability assessment as permitted by Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

15. Under Section 4221(b)(1) of ERISA, 29 U.S.C.§ 1401(b)(1), Defendants waived their right to contest the withdrawal liability assessment by failing to timely initiate arbitration.

16. Defendants failed to make the initial quarterly withdrawal liability payment, due July 1, 2018.

17. By letter dated July 3, 2018, Fund counsel notified Defendants that they were in default of their obligation to pay withdrawal liability owed to the Fund and that failure to cure the default within 60 days would accelerate the debt such that the total amount of withdrawal liability would be immediately due to the Fund (the "Default Notices").

18. The Default Notices were sent via certified mail with return receipt to Road Corp. in care of each of Road Corp's four officers, Jose Friere, Jose Suarez, Benigno Castro and Frank Fernandez. All of the return receipts for the Default Notices were signed.

19. The New York State Department of State, Division of Corporations, identifies Jose Friere as the chief executive officer of Real Estate Corp. and Real Estate Corp.'s agent for service of process.

20. The New York State Department of State, Division of Corporations, identifies Jose Friere as the chief executive officer of New Realty and New Realty's agent for service of process.

21. Defendants did not cure their default and therefore became liable to the Fund for the entire $510,980 due.

22. As of this date, Defendants have made no payments toward their withdrawal liability.

## **FIRST CAUSE OF ACTION- FOR PAYMENT OF WITHDRAWAL LIABILITY AGAINST ROAD CORP**

4

23. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 22 as if set forth fully herein.

24. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), Road Corp's default now obligates it to pay the Fund the entire amount of its withdrawal liability, which is $510,980.

25. Pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Road Corp is also liable to the Fund for interest, liquidated damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION- FOR PAYMENT OF WITHDRAWAL LIABILITY AGAINST REAL ESTATE CORP. AND NEW REALTY

26. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 25 as if set forth fully herein.

27. Upon information and belief, Real Estate Corp. is a corporation under common control with Road Corp pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), and as defined in Sections 414(b) and (c) and Section 1563 of the Code, and is therefore liable to the Fund for Road Corp's withdrawal liability, which totals $510,980, as well as interest, liquidated damages, costs and attorneys' fees awarded pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

28. Upon information and belief, New Realty is a corporation under common control with Road Corp pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), and as defined in Sections 414(b) and (c) and Section 1563 of the Code, and is therefore liable to the Fund for Road Corp's withdrawal liability, which totals $510,980, as well as interest, liquidated damages, costs and attorneys' fees awarded pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against the Defendants, jointly and severally, awarding the Fund:

(a) unpaid withdrawal liability in the amount of $510,980, as mandated by ERISA Section 502(g)(2)(A), 29 U.S.C.§ 1132(g)(2)(A);

(b) interest on the unpaid withdrawal liability from the date payment was due through the date payment is made, as mandated by ERISA Section 502(g)(2)(B), 29 U.S.C.§ 1132(g)(2)(B);

(c) liquidated damages equal to the greater of (i) 20% of the amount of withdrawal liability due or (ii) the amount of interest due, as mandated by ERISA Section 502(g)(2)(C), 29 U.S.C.§ 1132(g)(2)(C);

(d) reasonable attorneys' fees and the costs of this action, as mandated by ERISA Section 502(g)(2)(D), 29 U.S.C.§ 1132(g)(2)(D); and

(e) such other and further relief as the Court deems appropriate.

DATED: September 14, 2018
New York, New York

CARY KANE LLP

By: Susan Bruno
1350 Broadway, Suite 1400
New York, New York 10018
T: 212-868-6300
F: 212-868-6302
sbruno@carykane.com

*Attorneys for Plaintiffs*
