UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THE TRUSTEES OF THE LOCAL 816 LABOR
AND MANAGEMENT PENSION TRUST FUND           **ANSWER TO COMPLAINT**
and THE LOCAL 816 LABOR AND MANAGEMENT
PENSION TRUST FUND,

                                   Plaintiffs,

                                              **Civ. Action No.:**
  -against-                                **1:18-cv-05189-JBW-CLP**

IBERIA ROAD MARKINGS CORPORATION,
IBERIA REAL ESTATE CORP., and NEW IBERIA
REALTY, INC.,

                                 Defendants.
----------------------------------------------------------------------X

    Defendant, Iberia Real Estate Corp., ("Iberia Real Estate" or "Defendant") by its attorneys, GABOR & MAROTTA LLC, hereby answers the numbered paragraphs of the Complaint and alleges as follows:

## NATURE OF THE ACTION

    1. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

    2. Defendant denies the allegations contained in paragraph "2" of the Complaint that Iberia Real Estate Corp. is under common control with Iberia Road Markings Corporation ("Road Corp."), denies allegations that Iberia Real Estate is jointly and severally liable for the purported money due to the Plaintiffs, and refers the language of the statutes cited, and any question of law to this Honorable Court.

## JURISDICTION

3. Defendant denies allegations contained in paragraph "3" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

## VENUE

4. Defendant denies allegations contained in paragraph "4" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

## THE PARTIES

5. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

6. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

7. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

8. Defendant denies the allegations contained in paragraph "8" of the Complaint.

9. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

## **RELEVANT FACTS**

10. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

11. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

12. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint, refers the documents described in paragraph "12" of the Complaint for their content, context, and information, and refers the language of the statutes cited, and any question of law to this Honorable Court.

13. Defendant denies the allegations contained in paragraph "13" of the Complaint.

14. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

15. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

16. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint.

17. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint and refers the documents described in

paragraph "17" of the Complaint, for their content, context, and information, to this Honorable Court.

18. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint and refers the documents described in paragraph "18" of the Complaint, for their content, context, and information, to this Honorable Court.

19. Defendant admits the allegations contained in paragraph "19" of the Complaint.

20. Defendant admits the allegations contained in paragraph "20" of the Complaint.

21. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the Complaint.

22. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint.

**ANSWERING THE FIRST CAUSE OF ACTION – FOR PAYMENT OF WITHDRAWAL LIABILITY AGAINST ROAD CORP**

23. Defendant repeats, reasserts, and re-alleges each and every answer in paragraphs "1" through "22" above with the same force and effect as if fully set forth herein.

24. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

25. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

## ANSWERING THE SECOND CAUSE OF ACTION – FOR PAYMENT OF WITHDRAWAL LIABILITY AGAINST REAL ESTATE CORP. AND NEW REALTY

26. Defendant repeats, reasserts, and re-alleges each and every answer in paragraphs "1" through "25" above with the same force and effect as if fully set forth herein.

27. Defendant denies allegations contained in paragraph "27" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

28. Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint and refers the language of the statutes cited and any question of law to this Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver, estoppel, and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs may be able to prove any injuries and/or damages, said damages are not attributable to Iberia Real Estate, a separate corporate entity that is not a trade or business under common control with Road Corp., and, thus, Iberia Real Estate is not jointly and severally liable for the alleged money due to the Plaintiffs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with the necessary jurisdictional and statutory pre-requisites for maintaining this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have improperly calculated amounts allegedly due to the Plaintiffs from the Defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled, as a matter of law, to recover from Iberia Real Estate either the amount or the damages sought.

## AS AND FOR A FIRST CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST CO-DEFENDANTS NEW IBERIA REALTY INC. AND IBERIA ROAD MARKINGS CORPORATION

1. Defendant asserts a cross claim against Iberia Road Markings Corporation and New Iberia Realty Inc. for any amounts or liability incurred by Defendant and payable to Plaintiff for any amount to which Plaintiff may be entitled hereunder.

2. Upon information and belief, all amounts claimed and alleged herein by Plaintiff are solely attributable to the acts or inaction of the Co-Defendants.

3. Defendant is entitled to be indemnified for all costs incurred in this action, and for any amount to which Plaintiff may be entitled hereunder.

4. As a result of the foregoing, Defendant prays for a judgment of indemnification under common law over and against Co-Defendants in any and all sums Defendant may be held liable to pay Plaintiff, together with actual costs and attorney's fees.

**WHEREFORE**, Defendant, Iberia Real Estate Corp., respectfully demands judgment:

(i) dismissing the Plaintiffs' Complaint with prejudice;

(ii) awarding Defendant its costs, disbursements, and attorney's fees for the defense of this action; and

(iii) awarding judgment on the cross-claim against the Co-Defendants for any costs and amounts to which Plaintiff may be entitled hereunder; and

(iv) awarding Defendant such other, further, and different relief as this Court deems just and proper.

Dated: Staten Island, New York
November 21, 2018

                                              GABOR & MAROTTA, LLC

By:    /s/Daniel C. Marotta
DANIEL C. MAROTTA (DM 2581)
*Attorneys for Defendant*
IBERIA REAL ESTATE CORP.
1878 Victory Boulevard
Staten Island, NY 10314
TEL: (718) 390-0555

To: All Parties (via ECF)